## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

ATLANDIA IMPORTS, INC. d/b/a ICELANDIC DESIGN, a Colorado corporation,

      Plaintiff,

v.

ALPS SPORTSWEAR

      Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Atlandia Imports, Inc. d/b/a Icelandic Design, by and through its undersigned counsel, for its Complaint against the above-named Defendants, states and alleges as follows:

### I. PARTIES

1.    Plaintiff Atlandia Imports, Inc. d/b/a Icelandic Design ("Icelandic Design") is a Colorado corporation having its principal place of business located at 473 Main Street, Suite 100, Longmont, CO 80501. Icelandic Design is engaged in the business of designing, manufacturing, and distributing a unique line of handcrafted knitted garments.

2.    Defendant Alps Sportswear Mfg. Co. Inc., ("Alps"), is a Massachusetts corporation in good standing having its principal place of business located at 15 Union Street, Lawrence, Massachusetts.

3.    John Doe Nos. 1 - 5 represent the presently unknown officers, managers, directors, members, employees, agents, and/or advisors of the Defendants named in paragraph 2

who knew of, consented to, approved, sanctioned, failed to prevent, concealed, actively participated in, substantially assisted in, wrongfully benefited from, and/or committed overt acts in furtherance of the conduct described herein.

## II. JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1338(a) and (b).  By this action, Icelandic Design asserts claims which arise under the Federal Copyright Act and the Lanham Act, and other related unfair competition claims.

5.      This Court also has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 (a) because the Defendants transact business, are subject to personal jurisdiction, and therefore, reside and may be found in this judicial district.  In addition, certain of the acts of infringement, tortious conduct, and other statutory violations claimed herein, which constitute a substantial part of the events giving rise to Plaintiff's claims, occurred in this judicial district.

## III. GENERAL ALLEGATIONS

A.      **The Icelandic Design Collections**.

7.      Icelandic Design began its operations in the 1980's, selling handcrafted sweaters made in Iceland.  Icelandic Design sweaters, jackets and other items are now made in several locations around the world.

8.      Over the years, Icelandic Design has designed, manufactured, marketed, and distributed a number of distinctive designs known as The Icelandic Design Collections.  The

designs are integrated into sweaters, hats, gloves, scarves, and other accessories.  They represent traditional European and other ethnic looks characterized by a mix of geometric and floral patterns embellished with fine detailed knits and embroideries.  These specific elements help distinguish Icelandic Design's merchandise from that of others.

9.      Through the use of these unique patterns, features and designs of the Icelandic Design Collections, Icelandic Design has created and achieved a unique trade dress that has instant recognition and secondary meaning within the garment industry and the consuming public.

10.     Icelandic Design has invested a great deal of time, money and effort to create the unique overall appearance and establish the consumer recognition and respect associated with the Icelandic Design Collections.

11.     The Icelandic Design Collections have developed into a nationally recognized product line which holds a unique identity easily recognized by both retailers and purchasers. The Icelandic Design Collections have created a market "niche" for Icelandic Design which generates annual revenues in excess of $10.0 million.

12.     Icelandic Design attributes its success in the marketplace to the uniqueness, desirability, and quality of its distinctive products.  The inherently distinctive design and quality of the Icelandic Design Collections have allowed Icelandic Design to enjoy enormous goodwill and a significant reputation as the purveyors of a distinctive clothing line of the highest quality among retailers and their customers.

13.     Icelandic Design wholesales its Icelandic Design Collections and other products to approximately 1,200 upscale retailers nationwide, and in Canada and Europe.  These include

boutiques and small retailers located in ski resorts and other areas frequented by vacationers with significant disposable income.  Icelandic Design also wholesales its products to prestigious retail department stores such as Nordstroms.

14.     Icelandic Design products are also sold to the public through a catalog and an internet site.

**B.     The Icelandic Design Copyright – The Teton Vest**

15.     Within the Icelandic Design Collections, Icelandic Design has developed unique, original artwork and fabric designs for the Teton vest, a picture of which is enclosed herewith as Exhibit A.

16.     The artwork and fabric designs incorporated into the Teton vest represent original works of authorship fixed in a tangible medium of expression.  They further represent original designs incorporated on or in conjunction with useful items.

17.     The artwork and fabric designs incorporated into the Teton vest represent materials created by Icelandic Design's own skill, labor, and judgment.

18.     The artwork and fabric designs incorporated into the Teton vest are copyrightable under the laws of the United States.

19.     Icelandic Design submitted applications for the issuance of U.S. Copyrights for the Teton vest.

20.     Icelandic Design complied with the statutory formalities for the registration of copyrights for the Teton vest.

21.     Publication has been made with notice in compliance with the Federal Copyright Act and all other laws governing copyrights.

22.     On February 8, 2002, the Register of Copyrights issued U.S. Copyright Certificate of Registration No. VA 1-124660 to Icelandic Design for the Teton vest.  *See* Exhibit B.

23.     Icelandic Design is the owner of the above copyrights.

**C.     Alp's Sale of Knock-Offs.**

24.     Since 1934, Alps claims to have devoted its attention to providing its customers with distinctive knit apparel.  Alps claims to have started as a manufacturer of woolen Shaker sweaters and since then "evolved into an industry leader," changing with the times while continuing to provide our customers with both classic and innovative styles.

25.     Alps touted its Fall 2005 as having generated "some excitement" and claimed that the line was jam packed with many new novelty yarns, fresh styling and special details.

26.     Apparently forsaking its rich and ingenious history, Alps has recently taken to copying its competitors' successful designs and unabashedly "knocking off" products in order to make a quick buck.

27.     Attached hereto as Exhibit C is a picture of the Alps vest (the black vest) that is substantially similar to Icelandic's Teton vest (red vest).

28.     The Alps knock off of the Teton vest includes designs, contrasting color backgrounds, and other distinctive patterns, design features, and style elements which are substantially similar, if not virtually identical, to the artwork and fabric designs that are incorporated into the Alp's knock off.

29.     The Alps knock-off shown in Exhibit C is virtually identical in appearance and design – but highly inferior in quality and lower in price -- to the Icelandic Design product.

**D.**    **Icelandic Design's Notices of Infringement and Demands to Cease and Desist**.

30.    On March 22, 2005 Icelandic Design provided notice to Alps of its appropriation of the design ideas and trade dress of Icelandic Design and its infringement of Icelandic Design's copyright.  By its March 22, 2005 letter, Icelandic Design demanded that Alps cease the manufacture and sale of the infringed upon the Icelandic sweater and any other items that mimic the Icelandic Design line of clothing.  Icelandic Design also demanded an accounting of gross profits and the identity of the manufacturer.  A copy of the March 22, 2005 letter is attached hereto as Exhibit D and incorporated by reference herein.

31.    Having not received any response from Alps, Icelandic Design sent a second letter to Alps, dated November 28, 2005 Icelandic Design again demanded that Alps cease the manufacture and sale of the infringed upon the Icelandic sweater and any other items that mimic the Icelandic Design line of clothing.  Icelandic Design again demanded an accounting of gross profits and the identity of the manufacturer.  A copy of the November 28, 2005 letter is attached hereto as Exhibit E and incorporated by reference herein.  Alps again ignored the letter and refused to respond.

**E.**    **Alp's Practice of Willful and Deliberate Infringement.**

32.    By its above conduct, Alps has engaged in a continuing pattern and practice of willful and deliberate infringement of Icelandic Design's copyrights and trade dress.

33.    By their above conduct, Alps has willfully and deliberately traded upon the goodwill and renown of Icelandic Design.

34.     The actions of Alps are designed to divert sales from Icelandic Design and to impair the reputation for quality that Icelandic Design has worked long and hard to develop and enjoy.

35.     Upon information and belief, there have been instances of actual confusion of retailers and consumers as to the source and origin of the infringing products.

36.     By virtue of the above conduct, Icelandic Design has sustained and will continue to sustain immediate and continuing irreparable harm to its goodwill and reputation.  Such harm is not compensable by monetary relief.

37.     In addition to the irreparable harm sustained to its goodwill and reputation, Icelandic Design is incurring legal damages, as described below.

38.     The wrongful conduct described herein was attended by circumstances of fraud, malice, willful and wanton behavior, and bad faith.

**F.      Damages.**

39.     As a direct and proximate result of the wrongful conduct described herein, Icelandic Design has incurred, and will continue to incur, *inter alia*, the following loss or damages:

   a.     Instances of actual confusion of retailers and consumers as to the source and origin of the infringing products;

   b.     Immediate and irreparable harm to goodwill and reputation;

   c.     Lost profits; and

   d.     Loss of reasonable royalties for unauthorized sales of the infringing products.

40.     In addition, as a direct and proximate result of the wrongful conduct described herein, Alps has been unjustly enriched by their actual and anticipated gross revenues, gross profits, and cost savings that they have received and/or will receive from their unauthorized use of the unique and distinctive design ideas, and trade dress of Icelandic Design and the unauthorized distribution and sale of the infringing products.

41.     In the alternative, Icelandic Design is entitled to maximum statutory damages of $150,000 for each of the six known infringing items, plus $150,000 for each additional infringing item later discovered.   Such maximum statutory damages are necessary and appropriate in light of: (a) the expenses saved and profits reaped by Alps; (b) the revenues lost by Icelandic Design; (c) the willful and knowing conduct of Alps; and (c) the substantial need for deterrence.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

42.     Icelandic Design realleges and incorporates herein the allegations contained in paragraphs 1 through 41 above.

43.     Icelandic Design is, and at all relevant times, has been a corporate citizen of the United States.

44.     Icelandic Design is the owner of the U.S. Copyrights described above.

45.     Alps has used, disclosed, copied, reproduced, created derivative works from, publicly displayed, advertised, distributed, and sold Icelandic Design's copyrighted works without Icelandic Design's permission or authorization.

46.     The acts and conduct of Alps constitute infringements of the registered copyrights of Icelandic Design.

47.     Alps has committed and is continuing to commit willful and deliberate infringements of registered copyrights owned by Icelandic Design.

48.     Alps knew or should have known that the above acts and conduct constituted infringements of the registered copyrights of Icelandic Design.

49.     Despite such knowledge, Alps has infringed on Icelandic Design's registered copyrights.

50.     As a direct and proximate result of the infringements of Icelandic Design's registered copyrights, Icelandic Design has sustained and is entitled to an award of actual, special, consequential, and unjust enrichment/restitutionary damages.  Said amounts will be proven at trial.

51.     In the alternative, Icelandic Design is entitled to an award of statutory damages pursuant to 17 U.S.C. § 504(c).

52.     Icelandic Design is also entitled to:

      a.     Temporary and/or final injunctions to prevent or restrain further infringement of its copyrights pursuant to 17 U.S.C. § 502(a); and/or

      b.     Orders of impoundment and/or destruction pursuant to 17 U.S.C. § 503 (a) - (b).

53.     Icelandic Design is also entitled to an award of attorneys' fees and costs in the Court's discretion, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

54.     Icelandic Design realleges and incorporates herein the allegations contained in paragraphs 1 through 53 above.

55.     The trade dress of the Icelandic Design Collections, including the Teton vest is non-functional, inherently distinctive, and has acquired secondary meaning.

56.     Alps has knowingly and fraudulently imitated Icelandic Design's products in an attempt to pass off Icelandic Design's products as those of Alps.

57.     In addition, or in the alternative, Alps has knowingly and fraudulently passed off its products as those of Icelandic Design.

58.     The actions of Alps, as alleged above, are likely to cause, and have caused, confusion, mistake, and/or deception among retailers and consumers by causing them to believe wrongly that: (a) Alps is manufacturing and/or selling Icelandic Design clothing; (b) Icelandic Design's clothing and the infringing items sold by Alps emanate from the same source; (c) there is an affiliation or an association between Icelandic Design and Alps; or (d) the infringing items sold by Alps are somehow sponsored by Icelandic Design.

59.     Alps has intentionally, willfully, and maliciously attempted, through the promotion and sale of its deceptively similar products, to trade upon the goodwill and reputation of Icelandic Design in such a way as to divert sales and to dilute the reputation and renown of Icelandic Design by selling products of an inferior quality.

60.     The actions and conduct of Alps, as described above, constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     As a direct and proximate result of Alps violations of Section 43(a) of the Lanham Act, Icelandic Design has sustained and is entitled to an award of actual, special, consequential, and unjust enrichment/restitutionary damages.  Said amounts will be proven at trial.

62.     Icelandic Design is also entitled to temporary and/or final injunctions to prevent or restrain further violations.

63.     The actions of Alps make this an exceptional case, which entitles Icelandic Design to an award of costs, including reasonable attorneys' fees, and the trebling of damages.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

64.     Icelandic Design realleges and incorporates herein the allegations contained in paragraphs 1 through 63 above.

65.     The acts and conduct of Alps, as described above, constitute willful unfair competition under applicable common law.

66.     As a direct and proximate result of such acts and conduct, Icelandic Design has sustained and is entitled to an award of actual, special, consequential, punitive, and unjust enrichment/restitutionary damages.  Said amounts will be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practices)

67.     Icelandic Design realleges and incorporates herein the allegations contained in paragraphs 1 through 66 above.

68.     Alps has engaged in deceptive trade practices, within the meaning of C.R.S. § 6-1-105 and other applicable statutes, including:

a.      It has knowingly passed off the Teton vest designs as those of Alps;

b.      In addition or in the alternative, they have knowingly passed off Alps products as those of Icelandic Design;

c.      It has failed to disclose material information concerning such products which was known at the time of the advertisement or sale;

d.   It has knowingly made false representations as to source, sponsorship, approval, or certification of such products;

e.   It has knowingly made false representations as to affiliation, connection, or association with or certification of such products; and/or

f.   It has knowingly made false representations as to the characteristics of such products.

69.   The acts and conduct of Alps have injured Icelandic Design.

70.   As a direct and proximate result of such acts and conduct, Icelandic Design has sustained and is entitled to an award of actual, special, consequential and unjust enrichment/restitutionary damages.  Said amounts will be proven at trial.

71.   Pursuant to C.R.S. § 6-1-113(2)(a)(iii), Icelandic Design is entitled to an award of treble damages.

72.   Pursuant to C.R.S. § 6-1-113(2)(b), Icelandic Design is entitled to an award of costs and reasonable attorneys' fees.

73.   Pursuant to C.R.S. § 6-1-110, Icelandic Design is entitled to temporary and/or final injunctions prohibiting Alps from continuing such practices.

### SIXTH CLAIM FOR RELIEF
### (Misappropriation/Infringement of Trade Dress)

74.   Icelandic Design realleges and incorporates herein the allegations contained in paragraphs 1 through 73 above.

75.   The Icelandic Design Collections, including the Teton vest, represent trade dress.

76.   Alps has engaged in the misappropriation and infringement of the trade dress of Icelandic Design.

77.     As a direct and proximate result of Alp's misappropriation and infringement of Icelandic Design's trade dress, Icelandic Design has sustained and is entitled to an award of actual, special, consequential, reasonable royalty, and/or unjust enrichment/restitutionary damages.  Said amounts will be proven at trial.

78.     Icelandic Design is also entitled to temporary and/or final injunctions to prevent further misappropriations of trade dress.

79.     Alp's misappropriation and infringement was attended by circumstances of fraud, malice, and willful and wanton disregard.  As a result, Icelandic Design is entitled to an award of punitive damages.

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

80.     Icelandic Design realleges and incorporates herein the allegations set forth in paragraphs 1 through 79 above.

81.     By its acts and conduct described above, Alps has exercised unlawful dominion and control over Icelandic Design's intellectual and other property.

82.     As a direct and proximate result of Alp's conversion of Icelandic Design's property, Icelandic Design has sustained and is entitled to an award of actual, special, consequential and unjust enrichment/restitutionary damages.  Said amounts will be proven at trial.

83.     In addition, Alp's conduct was attended by circumstances of fraud, malice, and willful and wanton behavior.  As a result, Icelandic Design is entitled to an award of punitive damages.

## EIGHTH CLAIM FOR RELIEF
### (Unjust Enrichment)

84.     Icelandic Design realleges and incorporates herein the allegations set forth in paragraphs 1 through 83 above.

85.     As a result of their acts, conduct, and omissions described herein, Alps has been unjustly enriched at Icelandic Design's expense.

86.     Under the circumstances described herein, it would be unfair to allow Alps to profit from its wrongdoing.

87.     Under the circumstances described herein, it would be unfair to allow Alps to retain their economic benefits without paying for them.

88.     As a direct and proximate result of the unjust enrichment of Alps, Icelandic Design is entitled to an award of restitutionary damages.  Said amounts will be proven at trial.

## NINTH CLAIM FOR RELIEF
### (Injunction)

89.     Icelandic Design realleges and incorporates herein the allegations set forth in paragraphs 1 through 88 above.

90.     Alps did not have any right or license to use, disclose, copy, reproduce, manufacture, market, advertise, distribute, or sell Icelandic Design's copyrighted artwork or fabric design, trade dress, or any other products which incorporate such artwork, fabric design, or trade dress.

91.     As a result, Icelandic Design is entitled to a preliminary and/or permanent injunction prohibiting Alps from engaging in any such acts or conduct described above.

92.     In addition, Icelandic Design is entitled to mandatory injunctive relief compelling the delivery of all copies of Icelandic Design's copyrighted artwork and fabric designs, and all clothing which incorporates such designs or trade dress which are located at Alps, or otherwise located within their control.

## TENTH CLAIM FOR RELIEF
### (Constructive Trust/Equitable Lien)

93.     Icelandic Design realleges and incorporates herein the allegations contained in paragraphs 1 through 92 above.

94.     Alps unfairly holds possession of and are using Icelandic Design's property for their own financial gain.

95.     Alps has unjustly enriched themselves and will continue to unjustly enrich themselves at Icelandic Design's expense.

96.     It is against equity for Alps to continue to retain, possess, use, and sell such property.

97.     There exist grounds for imposition of a constructive trust on proceeds, net of operating expenses, derived by Alps from their retention, possession, use, and sale of Icelandic Design's property.

98.     Icelandic Design is entitled to an order requiring Alps to disgorge to Icelandic Design all proceeds, net of operating expenses, which they have derived and will continue to derive from their continued retention, possession, use, and sale of such property.

## ELEVENTH CLAIM FOR RELIEF
### (Accounting)

99.     Icelandic Design realleges and incorporates herein the allegations contained in paragraphs 1 through 98 above.

100.     Pursuant to law and equity, Icelandic Design is entitled to an accounting of all revenues, expenses, and income derived by Alps as a result of its manufacture, purchase, advertising and sale of the infringing products, as described herein.

101.     Icelandic Design is also entitled to an accounting of all entities who participated in the manufacture and/or distribution of such products.

## PRAYER FOR RELIEF

WHEREFORE, Icelandic Design prays for the following relief:

A.     <u>Copyright Infringement</u>.  On its First and Second Claims for Relief:

1.     A permanent injunction enjoining Alps, their agents, servants, employees, franchisees, representatives, successors, assignees, and those in privity, from engaging in the manufacture, purchase, sale, offer for purchase or sale, public display or distribution of clothing which incorporates artwork or fabric designs that are substantially similar to the Teton vest as covered by Icelandic Design's registered copyrights; and from engaging in any further acts of infringement in relation thereto, pursuant to 17 U.S.C. § 502.

2.     A Court Order impounding all articles of clothing which are alleged to infringe Icelandic Design's copyrights during the pendency of this action, pursuant to 17 U.S.C. § 503.

3.     A Court Order, as part of a final judgment or decree, ordering the destruction of all articles of clothing found to have been made or used in violation of Icelandic Design's copyrights, pursuant to 17 U.S.C. § 503.

4.     Actual, consequential, special, and unjust enrichment/restitutionary damages, lost profits and other monetary relief in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(b).

5.     Statutory damages pursuant to 17 U.S.C. § 504(c).

6.     Prejudgment interest.

7.     Attorneys' fees and costs, as permitted under 17 U.S.C. § 505.

8.     Such other and further relief as the Court deems just and equitable under the circumstances.

B.     <u>Federal Unfair Competition</u>.  On its Third Claim for Relief:

1.     A permanent injunction enjoining Alps, its agents, servants, employees, franchisees, representatives, successors, assignees, and those in privity, from manufacturing, purchasing, selling, offering for purchase or sale, distributing, or otherwise engaging in the business of purchasing or selling clothing which incorporates designs, patterns, features, and elements which are substantially similar to the Icelandic Design Collections, including the Teton vest, or that are otherwise confusingly similar thereto, pursuant to 15 U.S.C. § 1116.

2.     A Court Order that Alps file with the Court, and serve on Icelandic Design within thirty (30) days after service of the injunction on Alps a report in writing, under oath, setting forth in detail the manner and form in which Alps has complied with the injunction, pursuant to 15 U.S.C. § 1116(a).

3.      Actual, consequential, special, and unjust enrichment/restitutionary damages, lost profits, and other monetary relief in an amount to be proven at trial, said amount to be trebled as a result of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117.

4.      An accounting for Alp's profits, pursuant to 15 U.S.C. § 1117.

5.      Prejudgment interest.

6.      Attorneys' fees and costs, as permitted under 15 U.S.C. § 1117.

7.      Such other and further relief as the Court deems just and equitable under the circumstances.

C.      <u>Common Law Unfair Competition</u>.  On its Fourth Claim for Relief:

1.      A permanent injunction enjoining Alps its agents, servants, employees, franchisees, representatives, successors, assignees, and those in privity, from manufacturing, purchasing, selling, offering for purchase or sale, distributing, or otherwise engaging in the business of purchasing or selling clothing, which incorporate designs, patterns, features, and elements which are substantially similar to the Icelandic Design Collections, including the Teton vest sweater or that are otherwise confusingly similar thereto.

2.      A Court Order that Alps file with the Court, and serve on Icelandic Design within thirty (30) days after service of the injunction on Alps, a report in writing, under oath, setting forth in detail the manner and form in which Alps have complied with the injunction.

3.      Actual, consequential, special, and unjust enrichment/restitutionary damages, lost profits and other monetary relief in an amount to be proven at trial.

4.      Punitive damages.

5.      An accounting for Alp's profits.

6.      Prejudgment interest.

7.      Attorneys' fees and costs.

8.      Such other and further relief as the Court deems just and equitable under the circumstances.

D.      <u>Deceptive Trade Practices</u>.  On its Fifth Claim for Relief:

1.      A permanent injunction enjoining Alps its agents, servants, employees, franchisees, representatives, successors, assignees, and those in privity, from passing off goods as though emanating from Icelandic Design, or making false representations of source, origin, affiliation, sponsorship, approval, certification, connection, association, geographic origin, or characteristics, by ceasing the manufacture, purchase, sale, offer for purchase or sale, or distribution of the infringing items, or any other items that are otherwise confusingly similar to the Icelandic Design Collections, including the Teton vest.

2.      Actual, consequential, special, and unjust enrichment/restitutionary damages, lost profits and other monetary relief in an amount to be proven at trial, said amount to be trebled pursuant to statute.

3.      Attorneys' fees and costs.

4.      Prejudgment interest.

5.      Such other and further relief as the Court deems just and equitable under the circumstances.

E.      <u>Other State Law Claims</u>.  On its Sixth through Eighth Claims for Relief, judgment against Alps, in favor of Icelandic Design for:

1.      Actual, consequential, special, reasonable royalty and unjust enrichment/restitutionary damages, lost profits, and other monetary relief in amounts to be proven at trial.

2.      Punitive damages.

3.      Prejudgment interest.

4.      Reasonable attorneys' fees and costs.

F.      Injunction.   On its Ninth Claim for Relief, preliminary and/or permanent injunctive relief as the Court may deem appropriate, including the injunctive relief identified in paragraphs A through D above.

G.      Constructive Trust.   On its Tenth Claim for Relief, imposition of a constructive trust and/or equitable lien on all revenues and proceeds, net of operating expenses, generated by Alps as a result of its manufacture, purchase distribution, and sale of the infringing products, and the entry of an order of disgorgement requiring the delivery of such proceeds to Icelandic Design.

H.      Accounting.   On its Eleventh Claim for Relief, an accounting as to all revenues, expenses, and income derived by Alps as the result of their manufacture, distribution, and sale of the infringing products; an accounting of all entities who participated in the manufacture and/or distribution of such products; and the entry of an order of disgorgement requiring the delivery of such proceeds to Icelandic Design.

I.      All other and further relief as this Court deems just, proper or appropriate.

**PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS SO TRIABLE**

DATED: January 20, 2006.

**SANDER INGEBRETSEN & PARISH, P.C.**


s/ Richard G. Sander
Richard G. Sander
633 17th Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 592-5300
Facsimile: (303) 285-5301
Email: rsander@siplaw.com

**ATTORNEYS FOR PLAINTIFF
ATLANDIA IMPORTS, INC. d/b/a
ICELANDIC DESIGN, a Colorado corporation**

Address of Plaintiff:

473 Main Street, Suite 100
Longmont, Colorado 80501